**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                              )
GREGORY SWECKER and                       )
BEVERLY SWECKER,                             )
                                                              )
                        Plaintiffs,                     )
                                                              )
        v.                                                    )        No. 1:16-cv-01434 (CRC)
                                                              )
MIDLAND POWER COOPERATIVE,    )
CENTRAL IOWA POWER                        )
COOPERATIVE, and FEDERAL           )
ENERGY REGULATORY                         )
COMMISSION,                                        )
                                                              )
                        Defendants.                 )
_____)

**FEDERAL ENERGY REGULATORY COMMISSION'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT AGAINST DEFENDANT FEDERAL ENERGY REGULATORY COMMISSION FOR LACK OF SUBJECT MATTER JURISDICTION**

The Federal Energy Regulatory Commission ("Commission" or "FERC") moves to dismiss the complaint filed by Plaintiffs on July 11, 2016, against the Commission for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Dismissal is proper because Plaintiffs cannot establish that this Court has subject matter jurisdiction over Defendant FERC. Pursuant to Local Rules 7(a) and (c), FERC attaches to this Motion to Dismiss a supporting Statement of Points and Authorities and a Proposed Order.

WHEREFORE, Defendant FERC respectfully requests that its Motion to Dismiss be GRANTED and the complaint be DISMISSED WITH PREJUDICE as to Defendant FERC.

                                      Respectfully Submitted,

Dated October 14, 2016

                                      ROBERT H. SOLOMON,
                                      D.C. Bar No. 395955
                                      Solicitor


                                      ANAND R. VISWANATHAN,
                                      D.C. Bar No. 501986
                                      Attorney


                                      JOSHUA KIRSTEIN,
                                      Attorney


                  By:      /s/ *Anand R. Viswanathan*
                                      ANAND R. VISWANATHAN,
                                      D.C. Bar No. 501986
                                      Federal Energy Regulatory Commission
                                      888 First Street, NE
                                      Washington, DC 20426
                                      anand.viswanathan@ferc.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                    )
GREGORY SWECKER and                 )
BEVERLY SWECKER,                    )
                                    )
Plaintiffs,                         )
                                    )
v.                                  )   No. 1:16-cv-01434 (CRC)
                                    )
MIDLAND POWER COOPERATIVE,          )
CENTRAL IOWA POWER                  )
COOPERATIVE, and FEDERAL            )
ENERGY REGULATORY                   )
COMMISSION,                         )
                                    )
Defendants.                         )
_____)


**FEDERAL ENERGY REGULATORY COMMISSION'S STATEMENT IN SUPPORT
OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT AGAINST DEFENDANT
FERC FOR LACK OF SUBJECT MATTER JURISDICTION**

## INTRODUCTION

Plaintiffs Gregory and Beverly Swecker own and operate a small wind facility in Iowa that generates electricity. This facility is classified as a "Qualifying Facility" under the Public Utility Regulatory Policies Act of 1978 ("PURPA"), and thus is entitled to interconnect with, and sell power to, the local electric utility, Defendant Midland Power Cooperative ("Midland"), at "avoided cost" rates. For over fifteen years, the Sweckers have pursued lawsuits against Midland concerning their rights under PURPA.

Once the Plaintiffs opted to pursue their most recent claims under PURPA in federal district court, that statute limited them to two potential defendants—and the Commission is not one of them. Under section 210(h) of PURPA, 16 U.S.C. § 824a-3(h)(2)(B), the Sweckers may bring an action in federal district court solely against either the state regulatory authority or a "nonregulated electric utility." FERC is permitted under that provision to intervene "as a matter of right" in that federal action, though it cannot be a defendant.

Prior to this complaint, the Sweckers asked the Commission to bring an enforcement action against Midland (a nonregulated electric utility) and Central Iowa Power Cooperative ("Central Iowa") (Midland's wholesale supplier of electric energy). And the Commission, as it has in years past, exercised its discretion in declining to bring such an action on behalf of the Sweckers against Midland and Central Iowa.

Because the statute under which the Sweckers now sue FERC does not contemplate FERC as a defendant, this Court lacks subject matter jurisdiction over the Commission and therefore should dismiss the Sweckers' complaint against FERC.

**STATEMENT OF FACTS**

**I.      Statutory Background**

PURPA was part of a package of legislation called the National Energy Act and was designed to combat a nationwide energy crisis by, among other things, promoting the development of alternative energy resources. *FERC v. Mississippi*, 456 U.S. 742, 745 (1982). To "counter traditional utilities' reluctance to deal with" renewable sources of energy, the PURPA statute charges the Commission "with implementing mandatory purchase and sell obligations, requiring electric utilities to purchase electric power from, and sell power to, qualifying cogeneration and small power production facilities (collectively, 'qualifying facilities')." *S. Cal. Edison Co. v. FERC*, 443 F.3d 94, 95 (D.C. Cir. 2006) (citing PURPA section 210(a)(1)-(2), 16 U.S.C. § 824a-3(a)(1)-(2)). *See also* 16 U.S.C. § 796(17)(A)(i)-(ii) (facility that generates no more than 80 megawatts of power from renewable resources is a PURPA qualifying facility).

The rate at which such required purchases must be made is subject to several requirements under the statute, including that it must be no greater than the purchasing utility's incremental cost (or "avoided cost") for the alternative source of energy. *Id.* § 824a-3(b); *see also S. Cal. Edison*, 443 F.3d at 96 (avoided cost is "'the cost to the electric utility of the electric energy which, but for the purchase from [the qualifying facility], such utility would generate or purchase from another source.'") (quoting PURPA section 210(d), 16 U.S.C. § 824a-3(d)).

Under section 210(h) of PURPA, 16 U.S.C. § 824a-3(h), a private party seeking to enforce FERC rules against a nonregulated electric utility in federal court must first petition FERC to do so. *See Indus. Cogenerators v. FERC*, 47 F.3d 1231, 1234 (D.C. Cir. 1995) (citing PURPA section 210(h)(2)(A)-(B), 16 U.S.C. § 824a-3(h)(2)(A)-(B)). If FERC does not initiate

an enforcement action within the 60-day period prescribed under the statute, the petitioning party may then initiate an action in federal district court against the relevant state regulatory authority or a nonregulated utility.  16 U.S.C. § 824a-3(h)(2)(B); *see also Indus. Cogenerators*, 47 F.3d at 1234.  That provision of the statute contemplates that the Commission "may intervene as a matter of right in any such action."  16 U.S.C. § 824a-3(h)(2)(B).

## II.  Procedural History

The Sweckers' history of litigation against Midland is extensive.  In response to their two most recent agency petitions for enforcement against Midland (a nonregulated electric utility) and Central Iowa (Midland's wholesale supplier of electric energy), the Commission issued a notice on June 3, 2016 declining to initiate an enforcement action.  *See Swecker v. Midland Power Coop.*, 155 FERC ¶ 61,237 (2016).  The Sweckers then filed their complaint in this Court on July 11, 2016, seeking damages and injunctive relief against Midland and Central Iowa to recover a higher measure of avoided costs (i.e., Midland's, not Central Iowa's, full avoided costs) for Midland's purchases of energy from the Sweckers' facility.[1]  *See, e.g.*, Swecker Compl., Case No. 1:16-cv-01434, at ¶¶ 61, 71-74 (D.D.C. July 11, 2016).  Their complaint also demands data from Midland and Central Iowa to verify their costs.  As to FERC, the Sweckers allege that the agency "knowingly and willfully" failed to enforce its regulations.  *Id*. ¶ 60.

In years prior, through multiple petitions for enforcement to the Commission, these Plaintiffs have sought the same relief they seek again in this Court—damages and declaratory relief that Midland owes them the full avoided cost rate that it pays its full-requirements supplier

---

[1] On September 30, 2016, Midland and Central Iowa moved to dismiss the Sweckers' complaint for lack of personal and subject matter jurisdiction, improper venue, and for failure to state a claim under Rules 12(b)(2), 12(b)(3), and 12(b)(6).

(Central Iowa) for energy and power. *See, e.g.*, *Swecker v. Midland Power Coop.*, 142 FERC ¶ 61,207, at P 11 (2013) ("The Sweckers claimed that Midland has refused to purchase the excess electric energy produced by the Swecker [Qualifying Facility] at Midland's full avoided cost. The Sweckers asked the Commission to declare that the full avoided cost rate is the rate that Midland pays its full-requirements supplier for energy and power. The Sweckers also asked the Commission for payment of energy and capacity that has been delivered to Midland from 2004 to April 1, 2011, at the rate the Sweckers claim is the proper avoided cost rate."); *Swecker v. Midland Power Coop.*, 147 FERC ¶ 61,114, at P 1 (2014) (same); *Swecker v. Midland Power Coop.*, 136 FERC ¶ 61,085, at P 1 (2011) (same); *see also Midland Power Coop. v. FERC*, 774 F.3d 1, 2 (D.C. Cir. 2014) ("The orders under review arise out of a prolonged dispute between Gregory and Beverly Swecker and Midland. . . . The parties have long fought over the proper calculation of 'avoided cost.'"). FERC repeatedly has declined to initiate an enforcement action in response to those petitions. *See, e.g.*, *Swecker v. Midland Power Coop.*, 149 FERC ¶ 61,236, at P 4 (2014); *Swecker v. Midland Power Coop.*, 147 FERC ¶ 61,114, at P 2 (2014); *Swecker v. Midland Power Coop.*, 142 FERC ¶ 61,207, at P 2 (2013); *Swecker v. Midland Power Coop.*, 136 FERC ¶ 61,085, at P 2 (2011). Nor have the Sweckers successfully pursued their enforcement claims in federal court. *See Swecker v. Midland Power Coop.*, 807 F.3d 883, 888-89 (8th Cir. 2015) (dismissal for failure to state a claim), *cert. denied*, *Swecker v. Midland Power Coop.*, 136 S.Ct. 990 (2016).

## ARGUMENT

Federal Rule of Civil Procedure 12(b)(1) permits a court to dismiss a complaint for lack of subject matter jurisdiction at any time. The Administrative Procedure Act excludes from judicial review actions "committed to agency discretion by law." 5 U.S.C. § 701(a)(2). Courts

therefore lack subject matter jurisdiction over actions committed to agency discretion by law. *See Balt. Gas & Elec. Co. v. FERC*, 252 F.3d 456, 458-59 (D.C. Cir. 2001); *see also Heckler v. Chaney*, 470 U.S. 821, 831 (1985) ("[A]n agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion.").

The Commission has discretion under PURPA on whether to bring an enforcement action against a nonregulated electric utility like Midland. *See Conn. Valley Elec. Co., Inc. v. FERC*, 208 F.3d 1037, 1043 (D.C. Cir. 2000) ("The Commission's only obligations under [PURPA] § 210 are the promulgation and periodic revision of these regulations and of the exemption regulations required by [PURPA] § 210(e); therefore, the Commission's decision not to take any action in response to Claremont's apparent violation of § 3(17)(C)(ii) cannot be a violation of § 210 by the Commission."); *N.Y. State Elec. & Gas Corp. v. FERC*, 117 F.3d 1473, 1476 (D.C. Cir. 1997) ("The Commission may bring an enforcement action in federal district court against any state authority that fails to do so . . . ; alternatively, a utility or cogenerator may petition the FERC to bring such an action and, if the agency declines, may itself sue the state regulatory authority in district court."); *Indus. Cogenerators*, 47 F.3d at 1234 ("The FERC *can* initiate an enforcement action either upon its own motion or upon the petition of a private party.") (emphasis added); *see also Policy Statement Regarding the Commission's Enforcement Role Under Section 210 of the Public Utility Regulatory Policies Act of 1978*, 23 FERC ¶ 61,304, at 61,644-61,645 (1983) ("The Commission may undertake an enforcement action either on its own motion or upon petition . . . . The Commission is not required to undertake an enforcement action described above.  If the Commission does not initiate an enforcement action by notice within 60 days after receipt of a petition . . . , the petitioner may bring an action in the

appropriate United States district court. . . . The Commission is entitled to intervene as a matter of right in any private enforcement action under this section."). The Commission exercised its statutory discretion here in declining to bring an enforcement action.

At that juncture, the Sweckers' sole remaining avenue to pursue its claims under PURPA in federal district court was an action against the appropriate "State regulatory authority or nonregulated electric utility"—but not against FERC. *See* 16 U.S.C. § 824a-3(h)(2)(B); *see also Indus. Cogenerators*, 47 F.3d at 1232 ("The FERC implements § 210 by promulgating rules designed to encourage cogeneration and small power production; those rules are in turn implemented by state regulatory authorities and by 'each nonregulated electric utility.' *If an entity of either type* fails to implement the FERC rules, *then the Commission may, upon its own motion or upon petition, bring an enforcement action in district court* to ensure compliance with the Act; *if the Commission fails to act upon a petition for enforcement, then the petitioner may itself bring such an action*. The PURPA does not provide any other means by which the FERC or a petitioner can force a state regulatory authority or a nonregulated utility to comply with § 210 of the Act.") (emphasis added, internal citations omitted); *Xcel Energy Servs. Inc. v. FERC*, 407 F.3d 1242, 1243–44 (D.C. Cir. 2005) ("Under the PURPA's enforcement scheme, . . . [a] utility or a [Qualifying Facility] may petition the FERC to bring an action against a [state public utility commission] in federal district court to enforce the FERC's rules. If the FERC does not initiate an enforcement action then the electric utility or [Qualifying Facility] may itself sue the [state public utility commission] in federal district [court].") (internal citations omitted); *Niagara Mohawk Power Corp. v. FERC*, 117 F.3d 1485, 1488 (D.C. Cir. 1997) ("Section 210 sets out a *self-contained* scheme by which the purposes of the PURPA are to be realized.")

(emphasis added). To the extent the Commission has any role in this proceeding, it is as an intervenor "as a matter of right." *See* 16 U.S.C. § 824a-3(h)(2)(B). And it has not intervened.

The Commission is not a proper defendant in this matter. This Court, therefore, lacks subject matter jurisdiction to entertain the Sweckers' complaint against the Commission.

## CONCLUSION

For the reasons stated, this Court should dismiss with prejudice the Plaintiffs' complaint against FERC for lack of subject matter jurisdiction.

Respectfully Submitted,

Dated October 14, 2016

        ROBERT H. SOLOMON,
        D.C. Bar No. 395955
        Solicitor

        ANAND R. VISWANATHAN,
        D.C. Bar No. 501986
        Attorney

        JOSHUA KIRSTEIN,
        Attorney

By:   /s/ *Anand R. Viswanathan*
      ANAND R. VISWANATHAN,
      D.C. Bar No. 501986
      Federal Energy Regulatory Commission
      888 First Street, NE
      Washington, DC 20426
      anand.viswanathan@ferc.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                          )
GREGORY SWECKER and        )
BEVERLY SWECKER,              )
                                          )
Plaintiffs,                              )
                                          )
v.                                        )        No.: 1:16-cv-01434 (CRC)
                                          )
MIDLAND POWER COOPERATIVE, )
CENTRAL IOWA POWER        )
COOPERATIVE, and FEDERAL  )
ENERGY REGULATORY          )
COMMISSION,                       )
                                          )
Defendants.                          )
_____)

## [PROPOSED] ORDER

Upon consideration of Defendant Federal Energy Regulatory Commission's Motion to Dismiss Complaint for Lack of Subject Matter Jurisdiction, it is hereby ORDERED that the motion is GRANTED. Plaintiffs' complaint against Defendant Federal Energy Regulatory Commission is hereby DISMISSED with prejudice.

                                              _____
                                              Hon. Christopher R. Cooper
                                              United States District Judge

*Swecker v. Midland Power Coop., et al*.                Case No. 1:16-cv-01434 (CRC)

## CERTIFICATE OF SERVICE

      I hereby certify that this document is filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants.


Dated:  October 14, 2016            /s/ Anand R. Viswanathan
                                                          ANAND R. VISWANATHAN
                                                          Attorney


Federal Energy Regulatory
  Commission
888 First Street, N.E.
Washington, D.C.  20426
(202) 502-6537
Fax: (202) 273-0901
Email: anand.viswanathan@ferc.gov